LIGNANTE v. PANAMA R. CO.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. SHIPPING (§ 164*)—CARRIAGE OF PASSENGERS—BREACH OF CONTRACT—
QUESTION FOR JURY.

Plaintiff's husband, desiring passage from Colon to New York on defendant's steamer, was informed that he could not get accommodations for both in the same stateroom, but that his wife would be assigned to a stateroom in which there were two other passengers, "a lady and child." He asked if she would have a berth and was answered in the affirmative. After boarding the steamer, he found that his wife had been assigned to an unscreened sofa in a stateroom; the berths being given to a lady and her son, apparently between 14 and 15 years old. Plaintiff objected to this arrangement and demanded other accommodations, but none were given. She refused to sleep in the stateroom with the boy and was obliged to sleep on steamer chairs for a time, and finally on a sofa in the corner of the main saloon of the vessel. *Held* that, defendant having given no notice that the "child" was a lad in the age of adolescence, it could not be said that defendant performed its contract of carriage as a matter of law.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 164.*]

2. SHIPPING (§ 164*)—PASSENGER TRANSPORTATION—CONTRACT—BREACH.

Damages arising from breach of a contract to furnish transportation accommodations on a steamship, resulting in inconvenience and indignity to the passenger in transit, are not limited to the price of the passage.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Regina Lignante against the Panama Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Arnold S. Furst, for appellant.

Theodore L. Waugh, for respondent.

CARR, J. The plaintiff appeals from a judgment of the Municipal Court in the borough of Brooklyn, dismissing her complaint on the evidence adduced by her. The action was brought to recover damages for breach of contract, and the complaint set up two separate causes of action, one for breach of contract of carriage, and one for breach of contract in the letting of a steamer chair on one of the passenger vessels of the defendant.

[1] As to the first cause of action, the undisputed facts are as follows: The plaintiff's husband had been in the employment of the Panama Canal Commission at Culebra, near Panama. While there employed his wife was with him. He resigned his employment and made application for passage to New York for his wife and himself at the rates fixed for passage of government employés. This application was made through one of his superior officers and was accompanied by a postal order for the transportation charges. He was informed subsequently, through the same sources, that accommodations

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

131 N.Y.S.—48

could be obtained on a steamship of the defendant which was to sail shortly from Colon to New York, but that his wife and himself could not be given accommodations in the same stateroom. He went with his wife by rail to Colon and applied at the ticket office of the defendant for his tickets. He was then informed by the ticket agent that his wife would be assigned to a stateroom in which there were two other passengers, "a lady and child." He asked if his wife would have a berth, and the answer was, "yes." He made no inquiries as to the age or sex of the "child," and nothing was said to him on either point. After they got aboard the steamship, he found that his wife was assigned to an unscreened sofa in the stateroom; the berths being given to the lady and "child." This "child" turned out to be a boy, about five feet high and apparently between 14 and 15 years of age. The plaintiff objected to the presence of this "child" in a room in which she would be obliged to sleep at night for nearly a week, and demanded other accommodations; but none were given to her. She refused to sleep in the stateroom and found herself obliged to sleep on steamer chairs for a time, and finally she slept at night on a sofa in the corner of the "social hall" or main saloon of the vessel. From this, great discomfort and loss of sleep resulted, for which she sought damages.

The learned trial court decided as a matter of law that the facts above recited did not make out a breach of contract of carriage, and declined to submit the question to the jury. In this, we think, he erred. The contract in question called for a first-class carriage of the passenger. Carriage of such class implied that the accommodations furnished would be consistent with ordinary decency. It is true that the defendant gave notice that "a lady and child" would also occupy the stateroom; but it gave no notice that the "child" was a lad in the age of adolescence. The use of the word "child" was very misleading. While there may be many shades of feminine delicacy, as to which courts will go slow in taking judicial cognizance, surely it may not be said as a matter of law that the contract of carriage was performed when a woman passenger was exposed to the necessity of robing and disrobing in a little room occupied by a strange lad of 14 or 15 years of age, and for a period of a week. Concededly the steamship was crowded, and perhaps no better accommodations could be given; but it was the duty of the defendant when making its contract to give notice of the exact situation.

[2] We think that the questions of the alleged breach of contract and the damages resulting should have been submitted to the jury. There was no proof of the amount paid for the passage, but damages arising from a breach of the contract to carry, which results in inconvenience and indignity to the passenger while in transit, are not limited to the price of passage. Gillespie v. Brooklyn Heights R. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503; Busch v. Interborough R. T. Co., 187 N. Y. 388, 80 N. E. 197. The same rule has been applied to the relation of innkeeper and guest. De Wolf v. Ford, 193 N. Y. 397, 86 N. E. 527, 21 L. R. A. (N. S.) 860, 127 Am. St. Rep. 969.

As to the second cause of action arising out of an accident to the plaintiff while occupying a steamer chair rented from the defendant, the proofs were not sufficient to show that such accident was caused by any defect in the chair itself, and the dismissal of that cause of action on such proofs was proper enough.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.